# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

Fort Worth Division

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number:  4:24-CR-006-Y(1) |
| | Elizabeth Carr, assistant U.S. attorney |
| VIVIAN ARRIAGA | Terry B. Hill, attorney for the defendant |

On February 7, 2024, the defendant, Vivian Arriaga, entered a plea of guilty to count one of the one-count information. Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371, 18 U.S.C. § 1343 | Conspiracy to Commit Wire Fraud | May 31, 2021 | 1 |

The defendant is sentenced as provided in pages two through three of this judgment. The sentence is imposed under Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission under Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 for count one of the one-count information.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed September 16, 2025.

TERRY R. MEANS

UNITED STATES DISTRICT JUDGE

Signed September 17, 2025.

Judgment in a Criminal Case
Defendant: Vivian Arriaga
Case Number:  4:24-CR-006-Y(1)                                      Judgment -- Page **2** of **4**

## PROBATION

The defendant, Vivian Arriaga, is hereby sentenced to a term of probation for a period of 3 years on count one of the one-count information.

## CONDITIONS OF PROBATION

The defendant, while on probation, shall comply with the standard conditions recommended by the U. S. Sentencing Commission at §5B1.3(c) of the U.S. Sentencing Commission Guidelines Manual, and shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the probation officer, as authorized by the Justice for All Act of 2004;

notify the Court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments;

refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the Court;

not incur new credit charges, or open additional lines of credit without the approval of the probation officer;

provide to the probation officer complete access to all business and personal financial information;

maintain not more than one business and/or one personal checking account, and shall not open, maintain, be a signatory on, or otherwise use any other financial institution account without the prior approval of the probation officer;

not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the probation officer;

pay any remaining balance of restitution in the amount of $70,955.88, as set out in this judgment; and

pay any remaining balance of the fine in the amount of $5,000.00, as set out in this judgment.

## FINE/RESTITUTION

The defendant is ordered to pay a fine of $5,000.00 through the office of the U. S. district clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102-3673. This amount is the total of the fine imposed on count 1 of the one-count information. The Court has determined that the defendant does not have the ability to pay interest; therefore, the interest requirement is waived pursuant to 18 U.S.C. § 3612(f)(3). If, upon commencement of the term of probation, any part of the fine ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $250.00 per month. The first such payment shall be made no later than 60 days from the date of this judgment and another payment shall be made on the same day of each month thereafter until the fine is paid in full.

Judgment in a Criminal Case
Defendant: Vivian Arriaga
Case Number:  4:24-CR-006-Y(1)                                    Judgment -- Page **3** of **4**


No fine shall be payable during incarceration from funds deposited into the defendant's inmate trust account or paid to the defendant for work performed during incarceration.

The defendant is ordered to make restitution in the amount of $70,955.88. Of that, $45,617.75 shall be paid jointly and severally with co-conspirators  Michael Cota, 4:24-CR-005-Y and James Flores 4:24-CR-306-Y. Restitution shall be paid to the U. S. district clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102-3673, for disbursement to:

U.S. Small Business Administration
409 3rd Street S.W.
Washington, DC 20416
$70,955.88
Re: Blueacorn

If, upon commencement of the term of probation, any part of the  restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $500.00 per month, the first such payment to be made no later than 60 days from the date of this judgment with another payment to be made on the same day of each month thereafter until the restitution is paid in full.

This payment schedule does not affect the enforceability of the restitution order and the continuing obligation of the defendant to pay restitution in full as soon as possible. Nothing in this order shall be construed to limit the ability of the U. S. Attorney's Office to fulfill its statutory obligation to enforce restitution under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., or under any other statutory provision, during supervision or after release.

However, no restitution shall be payable during incarceration from funds deposited into the defendant's inmate trust account or paid to the defendant for work performed during incarceration.

Judgment in a Criminal Case
Defendant: Vivian Arriaga
Case Number:  4:24-CR-006-Y(1)                                        Judgment -- Page **4** of **4**

## **RETURN**

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States marshal


BY _____
                      deputy marshal